UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| UNITED STATES OF AMERICA, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| v. | ) | 2:12-cr-00199-NT |
| DANIEL COBB, | ) | |
| Defendant. | ) | |

**RECOMMENDED DECISION**

Defendant Daniel Cobb has filed a motion seeking an enlargement of time within which to file a motion pursuant to 28 U.S.C. § 2255. (Motion, ECF No. 77.) Defendant's motion presents the issue as to whether the Court has jurisdiction to grant the motion at this stage of the proceedings.

While the First Circuit has not addressed the issue, the Second Circuit has determined that the district court lacks jurisdiction to grant the motion under the circumstances of this case. In *Green v. United States*, 260 F.3d 78, 82-83 (2nd Cir. 2001), the Court determined that "a district court may grant an extension of time to file a motion pursuant to section 2255 only if (1) the moving party requests the extension upon or after filing an actual section 2255 motion, and (2) 'rare and exceptional' circumstances warrant equitably tolling the limitations period." The Court reasoned, "[p]rior to an actual filing [of a section 2255 motion], 'there is no case or controversy to be heard, and any opinion we were to render on the timeliness issue would be merely advisory.'" *Id*. at 82 (quoting *United States v. Leon*, 203 F.3d 162, 164 (2nd Cir. 2000). Other courts have reached a similar conclusion. *Swichkow v. United States*, 565 F. App'x 840, 844 (11th Cir. 2014); *United States v. Gonzalez*, No. 05-137-06, 2010 WL 2365666, at *1, 2010 U.S. Dist. Lexis 65952,

at 1-3 (D. R.I. June 8, 2010); *United States v. Miller*, No. 06-CR-20080, 2008 WL 4541418, at *1-2, 2008 U.S. Dist. Lexis 80552, at *3-4 (C.D.Ill. Oct. 9, 2008).

The reasoning of the Second Circuit is sound and persuasive. That is, absent the filing of a section 2255 motion, or a basis upon which the Court could construe the request to extend time as a motion for substantive relief, the Court is without jurisdiction to grant Defendant the extension of time that he requests. *See Green*, 260 F.3d at 83. Here, Defendant has not filed a section 2255 motion, and his request for extension cannot reasonably be construed as a motion for substantive relief pursuant to section 2255. Accordingly, the Court lacks jurisdiction to grant Defendant's motion for enlargement of time.

## CONCLUSION

Based on the foregoing analysis, the recommendation is that the Court deny Defendant's motion for enlargement of time.

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 11th day of September, 2014.