UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| DANIEL COBB, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | 2:12-cr-00199-NT |
| | ) | 2:14-cv-00393-NT |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Respondent | ) | |

## **RECOMMENDED DECISION ON 28 U.S.C. § 2255 MOTION**

In this action, Petitioner Daniel Cobb moves, pursuant to 28 U.S.C. § 2255, to vacate, set aside or correct his sentence. (Motion, ECF No. 79.) The Government has moved for summary dismissal. (Response, ECF No. 124.)

Petitioner asserts the following grounds for his section 2255 motion. First, he argues that the statute under which he was convicted, 18 U.S.C. §2251, is unconstitutional. (Motion at 1.) Second, Petitioner argues that the two counts to which he pled guilty are duplicitous.[1] (*Id.*) Third, he contends that counsel provided ineffective assistance at sentencing when counsel failed to argue that the Court applied the sentencing guidelines unconstitutionally. (*Id.* at 7-8.) Fourth, he maintains that counsel failed to seek a downward adjustment in the sentence for Petitioner's role in the offense. (*Id.* at 8-9.) Fifth, Petitioner argues that he was a non-violent offender and was erroneously sentenced as a violent offender. (*Id.* at 10.) Finally, Petitioner claims ineffective assistance of counsel regarding a fine. (*Id.* at 8.) Petitioner includes claims of ineffective

---

[1] The term "duplicitous" in this context means "duplicative." *See* Fed. R. Crim. P. 12(b)(3)(B)(i); *United States v. Valerio*, 48 F.3d 58, 63 (1st Cir. 1995) (discussing duplicity in the indictment).

assistance of counsel based on counsel's failure to seek appellate review of certain constitutional issues and alleged Court errors. (*Id.* at 5-6.)

Following a review of Petitioner's motion and the Government's request for dismissal, I recommend that the Court grant the Government's request, and dismiss Petitioner's motion.

### I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

The superseding indictment alleges five counts against Petitioner, who is also known as "doyawill." (Superseding Indictment, ECF No. 36.) Counts 1 and 3 allege that in September 2011 and January 2012, respectively, Petitioner sexually exploited a minor child (Victim #1 in Count 1, and Victim #2 in Count 3), to produce and transport in interstate commerce a visual depiction of the conduct, in violation of 18 U.S.C. § 2251(a), (e). (Superseding Indictment at 1, 2.) Counts 2 and 4 alleged, respectively, that Petitioner transported and received child pornography, and Count 5 alleged that Petitioner conspired to exploit minors to transmit visual depictions of the conduct, in violation of 18 U.S.C. §§ 2252A(a)(1), (b)(1), 2256(8)(A) (Count 2); 2252A(a)(2)(A), (b)(1), 2256(8)(A) (Count 4); and 2251(a), (e) (Count 5). (*Id.* at 2-3.)

In May 2013, Petitioner pled guilty to Counts 1 and 3. (Minute Entry, ECF No. 41; Judgment, ECF No. 64 at 1.) The Court dismissed Counts 2, 4, and 5 on the Government's motion. (Judgment at 1.) In September 2013, the Court sentenced Petitioner to consecutive prison terms of 240 months each on Counts 1 and 3, for a total of 480 months, followed by supervised release for life. (Judgment at 2-3.)

Petitioner did not appeal from his conviction or his sentence. He timely filed the pending section 2255 motion in October 2014.[2]

---

[2] The Government states that it assumes that Petitioner's section 2255 motion is timely, pursuant to section 2255(f)(1), because Petitioner filed it within one year of the date on which the judgment became final. (Response, ECF No. 124 at 14 n.4.) Because Petitioner did not appeal from the September 26, 2013, judgment, the judgment became final 14 days thereafter, on October 10, 2013. *See* Fed. R.App. P. 4(b)(1)(A) ("In a criminal case, a defendant's notice of

## II.  DISCUSSION

**A. Legal Standards**

A person may move to vacate his or her sentence on one of four different grounds: (1) "that the sentence was imposed in violation of the Constitution or laws of the United States"; (2) "that the court was without jurisdiction" to impose its sentence; (3) "that the sentence was in excess of the maximum authorized by law"; and (4) that the sentence "is otherwise subject to collateral attack." 28 U.S.C. § 2255(a); *see Knight v. United States*, 37 F.3d 769, 772 (1st Cir. 1994).

The burden is on the section 2255 petitioner to establish by a preponderance of the evidence that he or she is entitled to section 2255 relief. *David v. United States*, 134 F.3d 470, 474 (1st Cir. 1998); *United States v. DiCarlo*, 575 F.2d 952, 954 (1st Cir. 1978). When "a petition for federal habeas relief is presented to the judge who presided at the petitioner's trial, the judge is at liberty to employ the knowledge gleaned during previous proceedings and make findings based thereon without convening an additional hearing." *United States v. McGill*, 11 F.3d 223, 225 (1st Cir. 1993).

A habeas petition is not a substitute for an appeal. *Berthoff v. United States*, 308 F.3d 124, 127 (1st Cir. 2002). "Accordingly, a defendant's failure to raise a claim in a timely manner at trial or on appeal constitutes a procedural default that bars collateral review, unless the defendant can demonstrate cause for the failure and prejudice or actual innocence." *Id.* at 127-28. "Under the

---

appeal must be filed in the district court within 14 days after ... (i) the entry of either the judgment or the order being appealed[.]"). Petitioner filed his petition on October 6, 2014, i.e., in advance of the section 2255(f)(1) one-year deadline.

The Government argues that the Court should dismiss Petitioner's 28 U.S.C. § 2255 motion summarily because Petitioner did not sign the motion in accordance with Rule 2(b)(5) of the Rules Governing Section 2255 Proceedings. (Response at 16.) Rule 2(b)(5) requires that a section 2255 motion "be signed under penalty of perjury by the movant or by a person authorized to sign it for the movant." That issue is moot if the Court adopts this recommended decision, and, in any event, it is assumed, for purposes of this recommended decision, that the Court would have permitted Petitioner to correct the Rule 2(b)(5) error had the substance of his petition been meritorious.

3

longstanding 'procedural default' rule, '[a] nonconstitutional claim that could have been, but was not, raised on appeal, may not be asserted by collateral attack under § 2255 absent exceptional circumstances.'" *Damon v. United States*, 732 F.3d 1, 4 (1st Cir. 2013) (quoting *Knight*, 37 F.3d at 772). Procedural default is an affirmative defense. *Sotirion v. United States*, 617 F.3d 27, 32 (1st Cir. 2010).

An allegation of ineffective assistance of counsel can excuse a procedural default, but only if the petitioner demonstrates both that counsel's representation fell below an objective standard of reasonableness and that counsel's deficient performance prejudiced the petitioner's defense. *Turner v. United States*, 699 F.3d 578, 584 (1st Cir. 2012) (citing *Strickland v. Washington*, 466 U.S. 668, 688 (1984)); *Owens v. United States*, 483 F.3d 48, 63 (1st Cir. 2007). A district court reviewing a claim of ineffective assistance of counsel need not address both prongs of the test because a failure to meet either prong will undermine the claim. *Strickland*, 466 U.S. at 697. If a petitioner's "claims fail on the merits, his related claims that counsel rendered ineffective assistance in failing to press the claims at trial or on appeal must also fail." *Tse v. United States*, 290 F.3d 462, 465 (1st Cir. 2002).

"Evidentiary hearings on § 2255 petitions are the exception, not the norm, and there is a heavy burden on the petitioner to demonstrate that an evidentiary hearing is warranted. An evidentiary hearing 'is not necessary when a [§] 2255 petition (1) is inadequate on its face, or (2) although facially adequate, is conclusively refuted as to the alleged facts by the files and records of the case.'" *Moreno-Morales v. United States*, 334 F.3d 140, 145 (1st Cir. 2003) (citation omitted) (quoting *DiCarlo*, 575 F.2d at 954 (quotation marks omitted)). In determining whether an evidentiary hearing is required, the court must "take as true the sworn allegations of fact set forth in the petition 'unless those allegations are merely conclusory, contradicted by the record, or

inherently incredible.'" *Owens*, 483 F.3d at 57 (quoting *Ellis v. United States*, 313 F.3d 636, 641 (1st Cir. 2002)). Summary dismissal of a motion is permitted when the allegations are "'vague, conclusory, or palpably incredible,'" even "'if the record does not conclusively and expressly belie [the] claim.'" *David*, 134 F.3d at 478 (quoting *Machibroda v. United States*, 368 U.S. 487, 495 (1962)). The Court can reasonably require a petitioner to supply the Court with salient details of the claim prior to permitting discovery or a hearing. *Id.* (holding that "the district court did not abuse its discretion in refusing to license a fishing expedition").

### B. Claims and Analysis

#### 1. Claim that 18 U.S.C. § 2251(a), (e) is unconstitutional

Petitioner argues that the statute pursuant to which he was convicted, 18 U.S.C. § 2251(a), (e), is unconstitutional. (Motion at 1.) Petitioner's constitutional argument does not constitute a challenge to the Court's jurisdiction. In fact, Petitioner's argument presumes that a constitutional challenge to the statute pursuant to which he was charged and convicted is within the Court's jurisdiction.

As the Government notes, Petitioner waived the argument that the statute is unconstitutional because the argument is nonjurisdictional and Petitioner failed to raise it before the Court accepted his unconditional guilty plea. (Response at 16-17.) *See United States v. Gonzalez-Arimont*, 268 F.3d 8, 12 (1st Cir. 2001) ("We have previously held that, by waiving the right to a trial through a guilty plea, the defendant waives all nonjurisdictional defenses."); *United States v. Valerio*, 48 F.3d 58, 63 (1st Cir. 1995) (citing Fed. R. Crim. P. 12(b)(2) and noting that "defenses and objections based on defects in the indictment (other than that it fails to show jurisdiction in the court or to charge an offense) must be raised prior to trial"). In other words,

Petitioner waived the claim when he pled guilty unconditionally.[3] Petitioner, therefore, cannot prevail on his constitutional challenge.[4]

### 2. Claim that Counts 1 and 3 are duplicitous

Petitioner's contention that Counts 1 and 3 are duplicitous is also a nonjurisdictional claim that Petitioner waived.[5] A claim that a count in a criminal charge is duplicitous must be raised before trial. *See* Fed. R. Crim. P. 12(b)(3)(B)(i) (listing "[the] joining [of] two or more offenses in the same count (duplicity)" as a "defect in the indictment" that "must be raised by pretrial motion if the basis for the motion is then reasonably available and the motion can be determined without a trial on the merits"); *Valerio*, 48 F.3d at 63 ("A count is duplicitous when it charges more than one offense in a single count.") (alteration omitted). Accordingly, Petitioner waived his claim that Counts 1 and 3 are duplicitous. *See Gonzalez-Arimont*, 268 F.3d at 12; *Valerio*, 48 F.3d at 63.

Even if Petitioner had not waived the claim, dismissal is warranted because Petitioner's claim fails on the merits. Counts 1 and 3 involve different victims; Count 1 charged sexual exploitation of victim #1, and Count 3 charged sexual exploitation of victim #2. "Although other factors are involved, the prohibition against duplicitous indictments arises primarily out of a concern that the jury may find a defendant guilty on a count without having reached a unanimous verdict on the commission of any particular offense." *Valerio*, 48 F.3d at 63. Because Counts 1

---

[3] Petitioner could have pled guilty conditionally and preserved his right to challenge the indictment only if he had obtained the consent of both the Government and the Court; Fed. R. Crim. P. 11(a)(2) provides: "With the consent of the court and the government, a defendant may enter a conditional plea of guilty . . ., reserving in writing the right to have an appellate court review an adverse determination of a specified pretrial motion." *See also Gonzalez-Arimont*, 268 F.3d 8, 12 (1st Cir. 2001).

[4] Petitioner not only waived the claim when he pled guilty, but he also failed to explain sufficiently, in his section 2255 motion, a legitimate basis for his constitutional challenge. (Motion at 1.) "To progress to an evidentiary hearing, a habeas petitioner must do more than proffer gauzy generalities or drop self-serving hints that a constitutional violation lurks in the wings." *David v. United States* 134 F.3d 470, 478 (1st Cir. 1998).

[5] Petitioner does not argue that the Court lacks jurisdiction to adjudicate whether Counts 1 and 3 are duplicitous; rather, his argument presumes that the Court has the authority to provide relief.

and 3 each charge a single crime against a separate victim, the jury could not have found Petitioner guilty without reaching a unanimous verdict on a commission of a particular offense, and, therefore, Counts 1 and 3 are not duplicitous.

Because the claim fails on the merits, Petitioner's related claim of ineffective assistance of counsel also fails.  *See Tse*, 290 F.3d at 465.

### 3. Claim that counsel failed to argue that the Court applied the sentencing statutes and sentencing guidelines unconstitutionally

Petitioner claims ineffective assistance of counsel at sentencing and on appeal because counsel failed to argue that the Court applied the sentencing guidelines unconstitutionally. (Motion at 6-7.)  Petitioner argues that although he was charged by statute, he was sentenced under the sentencing guidelines rather than pursuant to statute, but he was not informed of the statute pursuant to which he was sentenced.  (*Id.*)  Petitioner also argues that ineffective assistance of counsel should be presumed in his case.  (*Id.* at 8-9.)

The Government contends that Petitioner procedurally defaulted on his claim regarding the guidelines enhancements because Petitioner did not object at sentencing and he did not appeal from either the conviction or the sentence.  (Response at 17-18; Sentencing Tr., ECF No. 76 at 4-5, 36-37.)  The Government's argument is persuasive.  The record establishes that Petitioner did not object to the overall applicability of the sentencing guidelines enhancements. In fact, Petitioner withdrew two objections to the sentencing enhancements that he had previously asserted. (Sentencing Tr. ECF No. 76 at 4-5.)  Petitioner's claim that the guidelines enhancements were inapplicable or that the Court's application was unconstitutional is thus procedurally defaulted. *See Damon*, 732 F.3d at 4.

Even if the claim were not procedurally defaulted, Petitioner's claim would fail on the merits because the Court considered the statutory sentencing factors.  The Court first calculated

7

the sentence in accordance with the sentencing guidelines.[6] *See Cuevas v. United States*, 778 F.3d 267, 275 (1st Cir. 2015) ("The Guidelines, even though now only advisory, remain the 'lodestone of sentencing.'") (quoting *Peugh v. United States*, 133 S. Ct. 2072, 2084 (2013)). The Court then considered the sentencing factors set forth in 18 U.S.C. § 3553(a).[7] (Sentencing Tr., ECF No. 76 at 38.) As part of the sentencing proceeding, the Court informed Petitioner that the law directs the

---

[6] As to each of Counts 1 and 3, the Court started with a base offense level of 32, pursuant to U.S.S.G. § 2G2.1(a). (Sentencing Tr., ECF No. 76 at 36.) To this, the Court added the following enhancements: a four-point enhancement, pursuant to U.S.S.G. § 2G2.1(b)(1)(A), because the victim was under the age of 12; a two-point enhancement, pursuant to U.S.S.G. § 2G2.1(b)(2)(A), because the offense involved sexual contact between Petitioner and each of the victims; a two-point enhancement, pursuant to U.S.S.G. § 2G2.1(b)(3), because the offense involved distribution of child pornography involving each of the victims; a four-point enhancement, pursuant to U.S.S.G. § 2G2.1(b)(4), because the offense involved sadistic conduct; and a two-point enhancement, pursuant to U.S.S.G. § 2G2.1(b)(5), because the victim had been entrusted to Petitioner's care. (*Id.*) Thus, the Court found that the adjusted offense level was 46 on Count 1 and the same for Count 3. (*Id.* at 36-37.) The Court then added one point on each of the counts for a combined adjusted offense level of 48. (*Id.* at 37.) The Court added a five-point enhancement, pursuant to U.S.S.G. § 4B1.5(b)(1), then subtracted three points for acceptance of responsibility, pursuant to U.S.S.G. § 3E1.1, for a total offense level of 50. Because a total offense level of 50 was "off the charts" under the sentencing guidelines, the Court assigned a total offense level of 43. (*Id.* at 37.)

Neither party objected to the Court's sentencing guidelines calculations. (*Id.*) Petitioner does not assert in his section 2255 motion that his claim of ineffective assistance of counsel is based on a failure to object to any particular enhancement, nor does he explain the facts underlying his argument that counsel should have objected to any of the enhancements.

[7] Title 18 U.S.C. § 3553(a) states in pertinent part:

> **(a) Factors to be considered in imposing a sentence.**--The court shall impose a sentence sufficient, but not greater than necessary, to comply with the purposes set forth in paragraph (2) of this subsection. The court, in determining the particular sentence to be imposed, shall consider—
>
> **(1)** the nature and circumstances of the offense and the history and characteristics of the defendant;
>
> **(2)** the need for the sentence imposed—
>
> **(A)** to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for the offense;
>
> **(B)** to afford adequate deterrence to criminal conduct;
>
> **(C)** to protect the public from further crimes of the defendant; and
>
> **(D)** to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner;

Court to consider the nature and circumstances of the charged offenses; Petitioner's history and characteristics; the need to provide deterrence, respect for the law, and just punishment; the need to avoid unwarranted sentencing disparities; and the need to protect the public from further crimes by Petitioner. (*Id.* at 38.) The Court also told Petitioner that the Court was required to take into account whether treatment could assist Petitioner, and to impose a sentence that is sufficient but not greater than necessary. (*Id.*) Petitioner's counsel discussed the section 3553 sentencing standard, and the Court explained to Petitioner how each of these factors came into consideration at sentencing. (*Id.* at 26, 38-42.) Although the Court did not specifically recite the statutory citation, Petitioner was clearly sentenced in accordance with the section 3553(a) sentencing factors, and, therefore, his contention that he was not sentenced in accordance with statutory requirements lacks merit.[8]

Because the claim fails on the merits, Petitioner's related claim of ineffective assistance of counsel also fails. *See Tse*, 290 F.3d at 465.

### 4. Claim that counsel failed to seek a downward adjustment and failed to appeal the issue

Petitioner argues that counsel failed to seek a downward adjustment in Petitioner's sentence for Petitioner's role in the offense, and that counsel failed to assert the issue on appeal. (Motion at 8-9.) Petitioner contends that he was prejudiced because, due to the Court's errors and

---

[8] To the extent that Petitioner's claim could be interpreted as one pursuant to *Alleyne v. United States*, 133 S. Ct. 2151 (2013), or *Apprendi v. New Jersey*, 530 U.S. 466 (2000), such a claim fails as well. In *Alleyne*, the Supreme Court held that "any fact that increases the mandatory *minimum* [sentence] is an 'element' that must be submitted to the jury." 133 S.Ct. at 2155 (emphasis added). The holding in *Alleyne* is recognized as an extension of the Court's holding in *Apprendi*. As the plurality explained in *Alleyne,* the Supreme Court held in *Apprendi* that "any fact that increased the prescribed statutory *maximum* sentence must be an 'element' of the offense to be found by the jury." *Alleyne,* 133 S.Ct. at 2157 (emphasis added) (citing *Apprendi,* 530 U.S. at 483, n. 10, 490). The sentencing range for a conviction under 18 U.S.C. § 2251 is from a mandatory minimum of 15 years to a mandatory maximum of 30 years on each of the counts. 18 U.S.C. § 2251(e). Because Petitioner was convicted of two counts of violating section 2251, his total statutory sentencing exposure was 720 months (60 years). *See id.* Petitioner was sentenced to a term of 240 months on each count, for a total of 480 months. There were no facts introduced at sentencing that increased the mandatory minimum or the maximum in this case, and therefore neither *Alleyne* nor *Apprendi* applies here.

ineffective assistance of counsel, his sentence was at least 240 months longer than it would have been had the Court granted a downward adjustment. (*Id.* at 9-10.)

Petitioner fails to provide any factual support for his contention that he was entitled to a downward adjustment. His claim of ineffective assistance of counsel for failure to seek a downward adjustment also fails because it is vague and unsupported by fact or law. *See David*, 134 F.3d at 478.

### 5. Claim that Petitioner was a non-violent offender and should have been sentenced accordingly

Petitioner argues that the Court erroneously subjected him to a ten-year mandatory minimum sentence and that he should have been considered a "non-violent" offender. (Motion at 10.) Simply stated, given the charges and the record evidence that supports the charges, Petitioner's contention that he should not have been subjected to the mandatory minimum sentence for violating 18 U.S.C. § 2251(a), (e), is without merit and does not warrant further discussion.

### 6. Claim of ineffective assistance of counsel regarding a fine

Petitioner argues that a $200 monetary penalty imposed at sentencing has caused him hardship, and that counsel was ineffective because he failed to argue against the imposition of a fine. (Motion at 10.) Petitioner's claim is not cognizable under 28 U.S.C. § 2255 because any relief requested would be unrelated to Petitioner's custody. *Cf. United States v. Chorney*, 453 F. App'x 4, 8 (1st Cir. 2011) (unpublished) (noting that section 2255 applies only to petitioners in custody claiming the right to be released; it does not apply to claims regarding restitution).

### III. CONCLUSION

Based on the foregoing analysis, an evidentiary hearing is not warranted under Rule 8 of the Rules Governing Section 2255 Cases. In addition, I recommend that the Court deny Petitioner's motion for habeas relief under 28 U.S.C. § 2255. I further recommend that the Court

deny a certificate of appealability pursuant to Rule 11 of the Rules Governing Section 2255 Cases because there is no substantial showing of the denial of a constitutional right within the meaning of 28 U.S.C. § 2253(c)(2).

## NOTICE

A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. 636(b)(1)(B) for which *de novo* review by the district court is sought, together with a supporting memorandum, within fourteen (14) days of being served with a copy thereof. A responsive memorandum shall be filed within fourteen (14) days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 16th day of October, 2015.